UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:17-cr-00020-GFVT-MAS |
| | ) | Related Civil No. 6:20-cv-00321-GFVT-MAS |
| v. | ) | |
| | ) | |
| DONNIE GARLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

This matter is before the Court on the Report & Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 83.] Defendant Donnie Garland has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 68.] Consistent with local practice, Judge Stinnett reviewed the motion and recommends that the Court deny Mr. Garland's motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else he waives his rights to appeal. To receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Garland filed objections to Judge Stinnett's Recommended Disposition on July 22, 2022, after being granted a thirty-day extension of time to do so. [R. 85; R. 86.] The Court acknowledges its duty to review Mr. Garland's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Mr. Garland objects to two portions of Judge Stinnett's Recommendation. First, Mr. Garland objects to Judge Stinnett's conclusion that no constitutional error occurred by the Court not *sua sponte* ordering Mr. Garland to undergo a competency examination [R. 86 at 1-3.] Second, Mr. Garland objects to Judge Stinnett's conclusion that he is not entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [R. 86 at 3-5.] The Court has satisfied its duty by reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Garland's objections will be **OVERRULED.**

I

Judge Stinnett's Recommended Disposition accurately sets forth the factual and procedural background of this case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Stinnett's discussion of the Record into this Order.

On March 23, 2017, Mr. Garland was indicted for multiple counts of knowingly and intentionally distributing a mixture of substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), for knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [R. 1.] On August 30, Mr. Garland was convicted by jury of committing all counts. [R. 35.] On June 26, 2018, Mr. Garland was sentenced by the undersigned to 360 months of imprisonment, to be followed by

eight years of supervised release. [R. 49.] Mr. Garland subsequently appealed his conviction and this Court's judgment was affirmed on September 4, 2019. [R. 50; R. 65.]

## II

In his motion to vacate under § 2255 and partial supplement, filed on November 19, 2020 and August 12, 2021, respectively, Mr. Garland makes six arguments.[1] Summarily, Mr. Garland alleges that he received ineffective assistance of counsel because his counsel failed to move to suppress certain evidence, permitted the prosecution to testify about allegedly illegally obtained evidence without objection, failed to call supportive defense witnesses, and did not permit him to testify in his own defense. [R. 68-1 at 2-6.] Alongside his ineffective assistance claims, Mr. Garland argues that he is actually innocent under *Rehaif*, that the undersigned erred by not *sua sponte* ordering him to undergo a competency exam, and because there was insufficient evidence to support his conviction. [R. 68 at 6-7; R. 75 at 763-73.]

On June 6, 2022, Judge Stinnett issued a Recommended Disposition in which he thoughtfully considered each of Mr. Garland's claims and determined that he is not entitled to Section 2255 relief. [R. 83.] Judge Stinnett began by analyzing Mr. Garland's ineffective assistance of counsel claims. *Id.* at 5-17. First, Judge Stinnett reviewed the factual circumstances giving rise to the search of the property in which certain evidence of Mr. Garland's illegal activity was located. *Id.* at 6-13. While recognizing that "the facts do give rise to a possible suppression issue," Judge Stinnett concluded that "a reasonably competent attorney

---

[1] Several of Mr. Garland's arguments were raised without prior authorization by way of a "hybrid" Motion for Compassionate Release and supplemental motion in support of his Section 2255 claim. [*See* R. 75.] Judge Stinnett noted throughout his Recommendation that the District Court need not analyze those arguments as they are procedurally improper. *Id.* at 2. Given Mr. Garland's *pro se* status and to ensure a complete Record, however, the Court will analyze Mr. Garland's supplemental claims on the merits.

3

could have thought that such a motion would fail based on the existence of probable cause and exigent circumstances," and that, consequently, Mr. Garland failed to satisfy prong one of *Strickland v. Washington*, 466 U.S. 558 (1984) as to be entitled to habeas relief. *Id.* at 9. Second, Judge Stinnett concluded that any evidence attained by way of a confidential informant caused no constitutional violation because the confidential informant herself recorded her encounters with Mr. Garland and "an objectively reasonable and competent attorney could have determined that filing a motion to suppress the recording evidence would have failed […]." *Id.* at 13-14.

Third, Judge Stinnett reviewed Mr. Garland's claims that his counsel "prevented him from testifying" and also "failed to call other defense witnesses on his behalf." *Id.* at 14-17. Regarding his decision to not testify in his own defense, Judge Stinnett found that "Garland's version of events implicitly concedes that he was aware of his right to testify," and simply regrets his decision to not do so. *See id.* at 15. Regarding counsel's alleged failure to call supportive witnesses, Judge Stinnett concluded that because "Garland fails to identify any such witnesses or summarize their proposed testimony, or to explain how these witnesses would have impacted the result at trial," his argument lacked merit. *Id.* at 16. Fourth, Judge Stinnett concluded that Mr. Garland is not entitled to relief under *Rehaif* because the ruling is "ordinarily not retroactively applicable to cases in the collateral review posture," because Mr. Garland did not raise his *Rehaif* concerns on appeal, and because "Garland alleges no facts here […] that would support his statement that he actually was unaware that he had a prior felony." [R. 83 at 18-19 (*citing first Bousley v. United States*, 523 U.S. 614, 615 (1998) *and then United States v. Ward*, 957 F.3d 691. 695 (6th Cir. 2020) (internal citations omitted)).]

4

Fifth and sixth, Judge Stinnett analyzed Mr. Garland's claims that the undersigned should have *sua sponte* ordered his competency evaluated and that the evidence presented at trial was insufficient to sustain his conviction. *Id.* at 21-23. Upon review, Judge Stinnett concluded that "Garland has not presented any proof that would indicate that the trial court or his counsel was warranted in a reasonable belief that he was incompetent for trial, purposes […]" and that his sufficiency argument is precluded by both his failure to raise the issue on appeal and by the sheer amount of "overwhelming" evidence presented at trial. *Id.* at 22-23. Finally, Judge Stinnett recommended no certificate of appealability be issued because "reasonable jurists would not debate the denial of Garland's § 2255 motion as to any claim or conclude that any issue warrants further review." *Id.* at 23 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

A

The Court now turns to Mr. Garland's specific objections to Judge Stinnett's Report and Recommendation. [R. 86.] Mr. Garland first objects to Judge Stinnett's conclusion that the Court did not err by failing to *sua sponte* require Mr. Garland to undergo a mental competency examination. [R. 86 at 2-3.] In support of his objection, Mr. Garland argues that because "he has 32 years history of [*sic*] mental health issues," and because the undersigned was aware of his mental health struggles, the Court improperly reasoned that he had the ability to consult with his lawyer and rationally understand criminal proceedings. *See id.* at 2. Further, in his supplemental motion, Mr. Garland appears to contend that the Court knew of his incompetency as evidenced by its order that he attend mental health treatment programming during the service of his term of supervised release. [*See* R. 75 at 5.]

The Court recognizes its duty to reevaluate its prior decision-making in this matter. Nonetheless, upon review, it agrees with Judge Stinnett that it committed no error. Under 18

5

U.S.C. § 4241, a mental competency examination may be ordered by way of a motion by the defendant or the government or by the Court's own motion. 18 U.S.C. § 4241. But an examination need only be ordered "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.*

Here, Mr. Garland fails to point to anything in the Record which should have caused the Court to doubt his competency. Instead, Mr. Garland refers to his general history of mental health struggles and argues that the Court should have *sua sponte* concluded that he needed an examination. [*See* R. 86 at 2.] But many Defendants suffer with mental health issues; this does not mean that every Defendant is incompetent to stand trial. Because Mr. Garland fails to support his objection with evidence of incompetency, and because a review of the Record indicates no evidence suggesting the presence of reasonable cause to believe him mentally incompetent, his objection is **OVERRULED**. *See Hardy v. United States*, 2016 U.S. Dist. LEXIS 15982, at *10 E.D. Tn. Feb. 10, 2016) (citing *United States v. Wilson*, 402 F. App'x 69, 75 (6th Cir. 2010)) ("Petitioner's *pro se* § 2255 pleadings show that he was able to fully comprehend the nature and consequences of the proceedings."); *see also United States v. Chadwick*, 2020 U.S. App. LEXIS 18586, at *7 (6th Cir. 2020) ("But the district court's recommendation for a mental health evaluation while in custody and possible mental health treatment while on supervision does not equate with a reasonable belief of Chadwick's incompetency requiring a *sua sponte* competency hearing.").

**B**

Second, Mr. Garland objects to Judge Stinnett's conclusion that he is not entitled to relief under *Rehaif*. [R. 86 at 3-4.] In support, Mr. Garland argues that "[t]he government failed to show that [he] knew he possessed a firearm and also that he knew had had the relevant status as a felon when he possessed it." *Id.* at 3. He also argues that Judge Stinnett's conclusion is incorrect because "his indictment lacked the element of his knowledge that he had been convicted of a disqualifying felony." *Id.* at 4. But, once again, the Court agrees with Judge Stinnett. As an initial matter, Mr. Garland is not entitled to seek relief under *Rehaif* because he failed to raise the claim on direct review and offers no evidence of cause or prejudice for the default. *Bousely v. United States*, 523 U.S. 614, 622 (1998). Second, Mr. Garland cannot establish that he is actually innocent as to cure his procedural default. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

Here, Mr. Garland stipulated that he had been convicted by a crime punishable by imprisonment for a term of more than one year. [R. 32-1.] And further review of Mr. Garland's Presentence Investigation Report indicates that he has multiple prior felony offenses. [*See* R. 54.] Ultimately, the Court agrees with Judge Stinnett that "[i]t is implausible that Defendant would not have known that he had spent nearly two years in prison between 2010 and 2012," to have precluded a sufficient basis for the Government to prove that he was aware he was a felon beyond a reasonable doubt. Accordingly, Mr. Garland fails to establish actual innocence to cure his procedural default. Furthermore, Mr. Garland was convicted in June 2018, while *Rehaif* was not decided until June 2019. "Numerous federal district courts within the Sixth Circuit, and

circuit courts of appeals outside of the Sixth Circuit, have held that *Rehaif* does not retroactively apply to cases on collateral review." *Butcher v. Williams*, 2020 U.S. Dist. LEXIS 170365, at *4 (N.D. Ohio Sep. 17, 2020) (collecting cases). Mr. Garland presents no argument as to why this Court should rule otherwise. Accordingly, Mr. Garland's second objection is **OVERRULED**.

### III

The Court has reviewed Judge Stinnett's Report and Recommendation, the Record, and has conducted a *de novo* review of the portions of the Recommendation to which Mr. Garland objects. Accordingly, it is hereby **ORDERED** as follows:

1. Judge Stinnett's Recommended Disposition [R. 83] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Garland's Motion to Vacate his Sentence under § 2255 [R. 68] is **DENIED WITH PREJUDICE**;

3. A Certificate of Appealability is **DENIED**.

This the 14th day of August, 2022.

Gregory F. Van Tatenhove
United States District Judge